UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARTER GAFFNEY PETITIONER

v. NO. 3:12-CV-858-CRS

GARY BECKSTROM, Warden
EASTERN KENTUCKY CORRECTIONAL COMPLEX RESPONDENT

**MEMORANDUM OPINION**

The petitioner in this matter, Carter Gaffney, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gaffney was convicted in the Jefferson County, Kentucky, Circuit Court of first-degree rape and first-degree sexual abuse. He was sentenced in February 2004 to thirty years imprisonment. In his petition, Gaffney contends that his counsel was ineffective and that there was an error in the calculation of his parole eligibility.

The Warden responded, urging that the petition is time-barred and should be dismissed. Gaffney acknowledges that the petition was not filed within the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). He contends, however, that the limitations period for filing his petition was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) and thus his petition was timely filed. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[1]

This matter was referred to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation concerning the disposition of Gaffney's petition. The magistrate judge issued an Amended Report and Recommendation (DN 29) recommending that the petition be dismissed as time-barred under § 2244(d)(1). He rejected Gaffney's contention that the petition should be subject to statutory or equitable tolling. Gaffney filed objections to the magistrate judge's report. (DN 36).

The court finds that the conclusion of the magistrate judge that the petition is time-barred is correct, but for a reason other than that relied upon by the magistrate judge. The court will therefore reject the magistrate judge's report, and the petition will be dismissed for the reasons stated below.

There is no question that from December 22, 2005, the date upon which the judgment in Gaffney's case became final, and May 30, 2006, the date upon which Gaffney filed for collateral review in the state court pursuant to Ky.R.Crim.P. 11.42, the one-year limitations clock ticked off 158 days of the 365 days in which he was permitted to file a habeas petition with this court in accordance with § 2244(d)(1). The magistrate judge found that the limitation period was tolled from May 30, 2006 until discretionary review was denied by the state supreme court on May 16, 2012. The Warden had urged in his brief that the time was not tolled from June 8, 2008[2] through the filing of a belated appeal on March 16, 2009, but the magistrate judge declined to address

---

[1] Gaffney also seeks a stay of proceedings concerning his petition pending a ruling on his appeal of the denial of his May 30, 2012 Ky.R.Crim.P. 10.10 Motion to Correct Clerical Error in the judgment and sentence. Thus he seeks to exhaust the issue concerning his parole eligibility. The Warden argues that Gaffney's Rule 10.10 presents no federal claim and therefore provides no ground for holding the petition in abeyance As we find that the one year statute of limitations expired long before the filing of the 10.10 motion, we need not address the propriety of staying the proceedings.

[2] This court finds herein that the limitations clock began to run again on June 9, 2008, after the expiration of the 10-day period for filing a timely appeal. *Keeling v. Warden, Lebanon Correctional Inst*, 673 F.3d 452, 460 (6th Cir. 2012), *citing Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000)(applying Rule 6(a)("[I]n computing any time period…exclude the day of the event that triggers the period") to § 2244(d) limitations analysis).

that issue, as he found the petition to be "otherwise untimely." (DN 29, p. 4, n. 4). The question of tolling of the period June 9, 2008-March 16, 2009 is dispositive of the matter of the petition's timeliness and so we will address the Warden's argument.

Gaffney actively sought both direct and collateral review of his conviction in the state courts. On May 29, 2008, Gaffney's appeal of the denial of his motion to proceed *in forma pauperis* and for appointment of counsel in his state collateral appeal was denied. Gaffney then had ten days from the date of entry of that order in which to appeal, but he did not do so until June 19, 2008. On July 21, 2008, the Kentucky Court of Appeals issued a Show Cause Order directing Gaffney to show cause why his appeal should not be dismissed as untimely. Gaffney filed a timely response to the Show Cause Order, stating that the May 29, 2008 Order had not been mailed to him until June 11, 2008, after the expiration of the 10-day period, and was not received by him until June 12, 2008. He noted that he had placed his appeal papers in the prison mail on June 17, 2008, five days after receipt of the May 29 Order. On October 29, 2008, the Court of Appeals entered an Order finding as follows:

> Appellant, pro se, timely filed a response to this Court's July 21, 2008, order to show cause.
>
> Having considered appellant's pro se response to this Court's July 21, 2008, order to show cause, and being otherwise sufficiently advised, this Court FINDS that the appellant has demonstrated INSUFFICIENT CAUSE to prevent the dismissal of this appeal. Therefore, the above-styled appeal is hereby DISMISSED for the failure to timely file a Notice of Appeal.
>
> This Court does note, however, that nothing prevents the appellant from filing a motion for a belated appeal in this Court from the Jefferson Circuit Court's May 29, 2008 order.

(DN 15-1, October 29, 2008 Order, p. 2, (A192)). Gaffney sought reconsideration of the October 29, 2008 Order. The motion for reconsideration was denied by Order of the Kentucky

Court of Appeals on February 24, 2009. Gaffney did not file a motion for belated appeal suggested in the October order until March 16, 2009.

As noted in *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003), "The AEDPA limitations period may be tolled for that period of time 'during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)(emphasis added). 'The tolling provision does not, however, "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.' *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)." Additionally, "allowing a belated appeal motion filed beyond the one-year period to toll the [AEDPA] period [would be] contrary to the purposes of AEDPA, because it [would permit] a state petitioner to avoid the preclusive effect of the federal one-year bar." *Williams v. Crist*, 230 Fed.Appx. 861, 869 (11th Cir. 2006), *citing Moore v. Crosby*, 321 F.3d 1377, 1380 (11th Cir. 2003).

The Court of Appeals determined that the June 19, 2008 appeal was untimely filed and that insufficient cause had been shown by Gaffney to prevent dismissal of the appeal. Therefore, the AEDPA clock began to run again on June 9, 2008 after the running of the 10-day period in which to file a timely appeal. The limitations period expired 207 days later on January 1, 2009. The filing of the belated appeal on March 16, 2009 and his May 30, 2012 R. 10.10 motion, well outside the one-year period, is of no assistance in further tolling the time for filing a federal habeas petition under § 2244.

For the reasons stated above, the petition for writ of habeas corpus must be dismissed as untimely filed. A separate order will be entered this date in accordance with this opinion.

January 29, 2015

**IT IS SO ORDERED**.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record
Gene DeShawn M. Watkins, *pro se*